Battle, J.
 

 When this case was before the Court at December Term, 1855, (see 3 Jones’ Rep. 90,) the main question considered and decided was, whether the debtor could be re
 
 *299
 
 garded as Laving been
 
 removed
 
 from the county of Eobeson, within the meaning of the statute. The suit was then against Calvin J. Eogers as well as the present defendant, but after the new trial, which was then granted, a
 
 nolle prosequi
 
 was entered as to
 
 Oalvin J.
 
 Sogers, and he was used as a witness for the purpose of endeavoring to show the liability of the present defendant. The question now is, whether the facts stated by him, prove, or tend to prove, that the defendant, in any manner, aided or assisted the debtor (who was his son) to remove from the county of his residence and leave the State. Upon that question we concur with his Honor in the Court below, in thinking that they did not. Whatever aid and assistance was given to the debtor was by the witness alone, for it is manifest that what he did, was not within the scope of his instructions, as agent of the defendant, in procuring the release of liis son from the jail in Wilmington. The only thing done by the defendant, which has the least semblance of aiding and assisting the debtor to flee from the State, was the allowance of the item of $125, charged by Calvin J. Eo-gers, for the money furnished by him to the debtor, out of the sum with which he had been entrusted by the defendant, to settle the debts for which the debtor was detained in prison. To make the defendant liable for this, would be stretching the maxim
 
 omnis ratihdbitio retro trahitur et mandato eqxtipara-tur,
 
 beyond its legitimate effect. The extent of this maxim, when applied to torts, is thus stated by Lord CoKE : “ He that rcceiveth a trespasser, and agreeth to a trespass after it is done, is no trespasser, unless the trespass was done to his use, or for his benefit, and then his agreement subseqent amounteth to a commandment; for in that,
 
 omnis ratihdbitio retro trahitur et mandato equiparatur,
 
 4 Inst. 317; Broom’s Legal Maxims 383, (50 Law Lib. 241). In the present case, whatever wrong was done by Calvin J. Eogers, in assisting the debtor to leave the State, was not done for the use or benefit of the defendant, and his subsequent ratification, (if it can be so considered) of the payment of the money by Calvin to his son, cannot
 
 *300
 
 make him a
 
 tort-feasor
 
 by relation. The judgment of the Court below was right, and must be affirmed.
 

 Pee Cuetam, Judgment affirmed.